IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUBE CITY IMS CORPORATION, ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 14-1245 |
| ) | Judge Cercone |
| ALLIANZ GLOBAL RISKS US INSURANCE ) | Magistrate Judge Mitchell |
| COMPANY, ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the motion to remand filed on behalf of the plaintiff (ECF No. 3) be denied.

II.  Report

Plaintiff, Tube City IMS Corporation ("TCIMS"), brought an action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendant, Allianz Global Risks US Insurance Company ("Allianz"), seeking a declaration that Allianz owed coverage to TCIMS under its insurance policy based on losses that occurred when a bell rod that was part of a two-bell top charging system that was located at the entrance to the blast furnace at AK Steel (with which TCIMS had a contract to perform services) fractured and fell into the blast furnace, thereby shutting down the facility. TCIMS also alleged that Allianz's denial of coverage constituted a breach of contract and bad faith, or in the alternative, that if the policy did not apply under these circumstances, that Allianz had negligently and/or fraudulently and intentionally misrepresented the scope of the policy's coverage to TCIMS.

On September 12, 2014, Allianz removed the action to this Court based upon diversity of citizenship jurisdiction. The parties then stipulated that Allianz's answer to the Complaint would

be due on or before October 20, 2014. (ECF No. 2.)

However, on October 7, 2014, TCIMS filed the pending motion to remand, in which it argues that Allianz failed to follow proper removal procedures and also that this Court should abstain from exercising jurisdiction over this case on the ground that it represents an "all too common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters." Reifer v. Westport Ins. Corp., 751 F.3d 129, 141 (3d Cir. 2014). TCIMS argues that, under the "heart of the action" test, the outcome of the coercive claims (the breach of contract, bad faith and misrepresentation claims in this instance) hinges upon the outcome of the declaratory judgment claim, and therefore the Court can and should utilize its discretion to decline jurisdiction over these state law matters and remand them to the Court of Common Pleas. Allianz responds that it has cured the minor procedural defect and that the Court should not abstain from exercising jurisdiction based upon the Colorado River doctrine and that, even applying the "heart of the action" test, the case also raises claims of bad faith, negligent misrepresentation and fraudulent/intentional misrepresentation, and is therefore seeking legal and not merely declaratory relief.

Facts

TCIMS purchased a policy from Allianz providing boiler and machinery coverage for "accidents" occurring at an "insured location" during the period October 30, 2012 to October 30, 2013. (Compl. ¶¶ 5, 10.)[1] The "time element" section of the policy extended coverage for up to 180 days to commissions, profits and royalties lost by TCIMS as a result of an accident which it was unable to make up within a reasonable period of time. (Compl. ¶¶ 13-19.)

TCIMS had contracts to perform various services for AK Steel at its facility in

---

[1] Notice of Removal (ECF No. 1) Ex. 1.

Middleton, Ohio, which is within the territory of the policy. (Compl. ¶¶ 20-23.) On June 22, 2013, a bell rod which was part of a two-bell top charging system at the blast furnace at AK Steel's facility suddenly fractured and the bell rod and one of the bells fell into the blast furnace. (Compl. ¶¶ 26-32.) As a result of this accident, the blast furnace was shut down for a period of time to repair and/or replace the bell rod and the bell, and the flow of goods to TCIMS was interrupted, TCIMS was prevented from producing goods and/or services to AK Steel and AK Steel was prevented from supplying goods and/or services to TCIMS. TCIMS lost sales and was unable to make up lost production within a reasonable period of time. (Compl. ¶¶ 33-41.) Therefore, it sought coverage from Allianz under the policy.

Allianz denied the claim for four different reasons, one of which was that the bell rod was part of the furnace and thus excluded by the furnace exclusion. (Compl. ¶¶ 47-48.) Even after TCIMS provided Allianz with a report from a world-renowned expert on blast furnaces stating that the two-bell top charging system was not part of the furnace, Allianz continued to deny the claim. (Compl. ¶¶ 50-53.) However, TCIMS states that, before it purchased the policy, its brokers questioned Arturo Alvarez, Executive Underwriter for Allianz, about the scope of the exclusion and Alvarez wrote that "precipitators" were covered, but that "the oven box itself, refractory and foundation" were not. TCIMS submits that it relied on this representation to purchase the policy and that the bell rod and charging system are not part of the oven box, refractory or foundation. (Compl. ¶¶ 55-57.)

Procedural History

Plaintiff filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania on July 22, 2014 and it was docketed at No. GD 14-011533. Count I seeks a declaratory judgment that Defendant owes coverage to Plaintiff for the losses it sustained as a

3

result of the accident. Count II alleges that Defendant's refusal to provide coverage under the policy constituted a breach of contract. Count III alleges that Defendant acted in bad faith in violation of 42 Pa. C.S. § 8371. Count IV alleges that Defendant negligently misrepresented the scope of the policy's coverage, and Count V alleges that it did so intentionally or fraudulently.

On September 12, 2014, Defendant filed a Notice of Removal with this Court based upon diversity of citizenship in that: TCIMS is a Delaware corporation with its principal place of business in Pennsylvania; Allianz is an Illinois corporation with its principal place of business in Illinois; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Notice of Removal ¶¶ 6-8.) On October 7, 2014, Plaintiff filed a motion to remand (ECF No. 3). On October 28, 2014, Defendant filed its brief in opposition (ECF No. 18).[2]

Standard of Review

Defendant removed this action pursuant to 28 U.S.C. § 1441, which states that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

28 U.S.C. § 1441(a). The Supreme Court has held that: "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress. These statutory procedures for removal are to be strictly construed." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 (2002) (citations omitted). The Court of Appeals for the Third Circuit has held that "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly

---

[2] Allianz has filed an Answer to the Complaint with affirmative defenses to Counts I to III (ECF No. 11) and a partial motion to dismiss Counts IV and V (ECF No. 9). The motion to remand must be resolved first, however, because it involves the Court's jurisdiction over the case.

before the federal court." Samuel-Bassett v. Kia Motors of America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citation omitted). Thus, Allianz bears the burden of demonstrating that the removal of this action was proper in all respects, including the procedural process.

Notice to the Clerk

The removal statute provides that:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Attached to Plaintiff's motion is a docket sheet from the Court of Common Pleas of Allegheny County, which reveals that, as of October 7, 2014, no copy of the notice of removal had been filed. (ECF No. 3 Ex. A.) Thus, it argues that "this Court never obtained jurisdiction over the case…." Carabello v. Williams Fund Private Equity Group, Inc., 2006 WL 2092577, at *1 (E.D. Pa. July 25, 2006). This statement is wrong as a matter of law.

Rather, "federal jurisdiction commences when the defendant files the notice of removal with the district court, and filing the notice with the state clerk affects the state's jurisdiction rather than federal jurisdiction." Parker v. Malone, 2004 WL 190430, at *2 (W.D. Va. Jan. 15, 2004). The Court of Appeals has held that notice to the state court is "necessary to terminate the state court's jurisdiction." Resolution Trust Co. v. Nernberg, 3 F.3d 62, 69 (3d Cir. 1993). "The purpose of filing a copy of the removal petition with the state court is to inform the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not." Nixon v. Wheatley, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (citation omitted).

As courts have observed, "failure of notice to the state court is a procedural defect

that does not defeat federal jurisdiction." Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997). Dukes v. South Carolina Ins. Co., 770 F.2d 545, 547 (5th Cir. 1985); Boyce v. St. Paul Fire & Marine Ins. Co., 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993). Thus, it is appropriate to state that, as of September 12, 2014, this Court and the Court of Common Pleas exercised concurrent jurisdiction over the case.

A defect in removal procedure can serve as the basis for a motion to remand. In light of the technical nature of this defect and the purpose of the notice, however, courts have held that a defendant's act of promptly curing the defect is sufficient and denied motions to remand under these circumstances. See Faye v. High's of Baltimore, 541 F. Supp. 2d 752, 754 (D. Md. 2008); Bohanna v. Hartford Life & Accident Ins. Co., 848 F. Supp. 2d 1009, 1014 (W.D. Mo. 2012).

Counsel for Defendant explains that he left the country for ten days on September 12, 2014 and inadvertently failed to file a copy of the notice of removal with the clerk of the Court of Common Pleas of Allegheny County until October 7, 2014. (ECF No. 19 Ex. A.) See GD-14-011533, Doc. No. 7. The statute requires only that a notice of removal be filed "promptly" with the clerk of the state court, and courts have not agreed on the meaning of the word "promptly." Compare Calderon v. Pathmark Stores, 101 F. Supp. 2d 246, 247-48 (S.D.N.Y. 2000) (36 days was "relatively short" and harmless) and Parker, 2004 WL 190430, at *2 (22 days thwarted no statutory purpose) with Doherty v. Goslin, 2002 WL 32224695, at *2 (E.D. Pa. July 26, 2002) (27 days with no evidence that defendant took steps to ensure that notice was properly filed represented a "casual" treatment of their obligation) and Alpena Power Co. v. Utility Workers Union of America, Local 286, 674 F. Supp. 1286, 1287-88 (E.D. Mich. 1987) (11 days is within

the range of promptness). See Nernberg, 3 F.3d at 69 (stating in dicta that defendant who waited 34 days to file a notice with the state court was treating its obligation casually).

In this case, counsel has explained that notice was filed with the clerk within 25 days of the filing of the notice of removal in this Court and thus the notice was filed promptly. Moreover, Plaintiff's motion contends that Defendant did not file a notice with the clerk at all, but Defendant has cured the procedural defect. The state court docket sheet does not reflect that any activity took place between the filing of the complaint and the filing of the copy of the notice of removal. Plaintiff has not and cannot argue that it suffered any prejudice based on this delay in filing the copy with the clerk.[3] Plaintiff's motion to remand on this basis should be denied.

Abstention

Plaintiff argues that, because this case asserts a claim for a declaratory judgment, the Court has broad discretion to determine whether to keep or remand it and that remand is appropriate because the "heart of the action" is a mere request for a federal court to declare an insured's coverage under an insurance policy pursuant to state law. Defendant responds that the case is not a mere request for declaratory judgment and that, applying the appropriate factors, jurisdiction should be maintained.

The Court of Appeals has held that:

> Under the DJA, courts "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has long held that this confers discretionary, rather than compulsory, jurisdiction upon federal courts. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). This is an exception to the general rule that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by

---

[3] Plaintiff was fully aware of the removal on the date it occurred, September 12, 2014, based on both first-class mail and a telephone conversation between counsel.

7

> Congress." Quackenbush [v. Allstate Ins. Co.], 517 U.S. [706,] 716, 116 S.Ct. 1712 [(1996)] (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 821, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).

Reifer, 751 F.3d at 134-35. The court noted that, when a plaintiff files an action in state court seeking a declaratory judgment under state law, the removal of the action to federal court causes "the question of whether to exercise federal jurisdiction to adjudicate the controversy [to become] a procedural issue under federal law." Id. at 134 n.4.

In Reifer, the court concluded that the DJA applied because in reality Reifer was seeking a declaration that Russo (her former attorney, who had committed acts of malpractice) was covered by the policy. Russo's liability had already been determined in state court and damages had been awarded. She merely stood in Russo's shoes as his assignee regarding the policy coverage question.

In this case, by contrast, TCIMS seeks not only a declaratory judgment, but also monetary damages. It alleges claims of breach of contract, bad faith and negligent and intentional misrepresentation. And it seeks punitive damages, interest and costs of suit. Thus, it raises a "mixed claim" for declaratory and legal relief.

The Court of Appeals noted in Reifer that:

> We have never ruled on the legal standard a district court must apply when addressing whether it may decline jurisdiction when both declaratory and legal relief are claimed. See, e.g., Hartford Ins. Co. of S.E. v. [Stead], 848 F. Supp. 2d 506, 510 (M.D. Pa. 2012). Moreover, our sister circuits are "sharply divided" and advance four different standards. See, e.g., Perelman v. Perelman, 688 F. Supp. 2d 367, 374-75 [&] n. 3 (E.D. Pa. 2010) (analyzing circuit split). Our district courts have also embraced competing approaches. Compare id. at 367-77 (adopting "independent claim" test), with Hartford Ins. Co., 848 F. Supp. 2d at 512 (disagreeing with Perelman and adopting "heart of the action" test).

Id. at 135 n.5. The court observed that the defendant did not mention these competing approaches, nor did it urge the court which one to adopt. Moreover, the court concluded

that it did not need to resolve the issue because the defendant was merely citing a praecipe for writ of summons in another suit and a civil cover sheet, neither of which provided enough information for it to determine that the district court was divested of its DJA discretion.  Id.

Plaintiff argues that, under the "heart of the action" test, the outcome of the coercive claims for monetary damages hinges upon the outcome of the claim for declaratory relief.  It contends that the scope of the policy is also relevant to determining whether Allianz's denial of its coverage request represented a breach of contract or bad faith, as well as whether Allianz misrepresented the scope of coverage available under the policy.  Thus, it argues that this case is at its heart one for declaratory relief and that the Court should utilize its discretion and decline to exercise jurisdiction.

Plaintiff has not addressed the other tests, nor has it explained why the heart of the action test should apply.  It contends that "this Court" has applied the heart of the action test, but the case it relies upon, General Nutrition Corp. v. Charter Oak Fire Insurance Co., 2007 WL 2998443 (W.D. Pa. Oct. 11, 2007), was decided by Judge Lancaster.  The GNC case is not binding on other members of the Court.[4]  Moreover, in that case, there was a pending state court action and here there is not.  As the court held in Reifer, "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise."  751 F.3d at 144. Plaintiff has not acknowledged, let alone discussed, this significant distinguishing factor.

Defendant argues that the approach following the Colorado River doctrine to

---

[4] Oddly, in referencing cases decided by "this Court," Plaintiff also cites ITT Industries, Inc. v. Pacific Employers Insurance Co., 427 F. Supp. 2d 552 (E.D. Pa. 2006), which was decided by Judge Robreno of the Eastern District.

hybrid claims hues most closely to the Supreme Court's admonition that district courts have a "strict duty" to exercise the jurisdiction provide them by Congress. Quackenbush, 517 U.S. at 716. It contends that applying the analysis from Brillhart (federal courts have discretion to decline to exercise jurisdiction over DJA claims, especially if the matter would better be handled in state court), as reaffirmed by Wilton v. Seven Falls Co., 515 U.S. 277 (1995) (Brillhart discretion still applies in purely declaratory judgment actions with parallel state proceedings, but the Court did not address the proper scope of discretion when parallel state proceedings did not exist), to Plaintiff's claims for legal relief would operate to undermine the line of precedent indicating that, absent parallel state proceedings, abstention is an extraordinary remedy that is not to be taken lightly.

Defendant further argues that this case is not a typical insurance coverage case, because Plaintiff also raises claims of bad faith and negligent and intentional misrepresentation. Thus, even if the heart of the action test is applied, it maintains that the heart of this action is a claim for legal—rather than declaratory—relief.

It is not necessary for this Court to select which of the various tests to apply because, in this case, application of any test leads to the same result. Applying Colorado River, the Court would have no discretion to abstain, and applying a Brillhart/Wilton analysis, the absence of a parallel state court proceeding significantly militates in favor of exercising jurisdiction. Finally, with respect to the heart of the action test, Plaintiff has not cited a single case in which this test was applied when there were no parallel state court proceedings and the Court is unaware of any case applying the test in these circumstances. As noted in Reifer (which was solely a DJA case, in which a court has even more discretion to abstain from exercising jurisdiction than in a hybrid situation),

10

"the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." 751 F.3d at 144. Therefore, the Court should retain jurisdiction and deny Plaintiff's motion to remand this case to state court.

For these reasons, it is recommended that the motion to remand filed on behalf of the plaintiff (ECF No. 3) be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by November 17, 2014. Any party opposing the objections shall file a response by December 1, 2014. Failure to file timely objections will waive the right of appeal.

                                        Respectfully submitted,

                                        s/Robert C. Mitchell_____
                                        ROBERT C. MITCHELL
                                        United States Magistrate Judge

Dated: November 3, 2014