IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUBE CITY IMS CORPORATION, )<br>Plaintiff, )<br>)<br>vs )<br>)<br>ALLIANZ GLOBAL RISKS US INSURANCE )<br>COMPANY, )<br>Defendant. ) | Civil Action No. 14-1245<br>Judge Cercone<br>Magistrate Judge Mitchell |

REPORT AND RECOMMENDATION

I.   Recommendation

It is respectfully recommended that the motion to dismiss Counts IV and V of the Complaint, filed on behalf of the defendant (ECF No. 9) be denied.

II.   Report

Plaintiff, Tube City IMS Corporation ("TCIMS"), brought an action in the Court of Common Pleas of Allegheny County, Pennsylvania against Defendant, Allianz Global Risks US Insurance Company ("Allianz"), seeking a declaration that Allianz owed coverage to TCIMS under its insurance policy based on losses that occurred when a bell rod that was part of a two-bell top charging system that was located at the entrance to the blast furnace at AK Steel (with which TCIMS had a contract to perform services) fractured and fell into the blast furnace, thereby shutting down the facility.  TCIMS also alleged that Allianz's denial of coverage constituted a breach of contract and bad faith, or in the alternative, that if the policy did not apply under these circumstances, that Allianz had negligently and/or fraudulently and intentionally misrepresented the scope of the policy's coverage to TCIMS.

On September 12, 2014, Allianz removed the action to this Court based upon diversity of citizenship jurisdiction.  The parties then stipulated that Allianz's answer to the Complaint would

be due on or before October 20, 2014. (ECF No. 2.)

On October 20, 2014, Defendant filed an answer and affirmative defenses with respect to Counts I-III of the Complaint (ECF No. 11). However, it also filed a motion to dismiss Counts IV and V, on the basis that Plaintiff cannot state a claim for either negligent or fraudulent/intentional misrepresentation. For the reasons that follow, this motion should be denied.

Facts

TCIMS purchased Policy No. CLP 3013774 (the "Policy") from Allianz providing boiler and machinery coverage for "accidents" occurring at an "insured location" during the period October 30, 2012 to October 30, 2013. (Compl. ¶¶ 5, 10 & Ex. A.)[1] The "time element" section of the Policy extended coverage for up to 180 days to commissions, profits and royalties lost by TCIMS as a result of an accident which it was unable to make up within a reasonable period of time. (Compl. ¶¶ 13-19.)

TCIMS had contracts to perform various services for AK Steel at its facility in Middleton, Ohio, which is within the territory of the Policy. (Compl. ¶¶ 20-23.) On June 22, 2013, a bell rod which was part of a two-bell top charging system at the blast furnace at AK Steel's facility suddenly fractured and the bell rod and one of the bells fell into the blast furnace. (Compl. ¶¶ 26-32.) As a result of this accident, the blast furnace was shut down for a period of time to repair and/or replace the bell rod and the bell, and the flow of goods to TCIMS was interrupted, TCIMS was prevented from producing goods and/or services to AK Steel and AK Steel was prevented from supplying goods and/or services to TCIMS. TCIMS lost sales and was unable to make up lost production within a reasonable period of time. (Compl. ¶¶ 33-41.)

---

[1] Notice of Removal (ECF No. 1) Ex. 1.

Therefore, it sought coverage from Allianz under the Policy.

Allianz denied the claim for four different reasons, one of which was that the bell rod was part of the furnace and thus excluded by the furnace exclusion. (Compl. ¶¶ 47-48 & Ex. B.) Even after TCIMS provided Allianz with a report from a world-renowned expert on blast furnaces stating that the two-bell top charging system was not part of the furnace, Allianz continued to deny the claim. (Compl. ¶¶ 50-53 & Exs. C, D.) However, TCIMS states that, before it purchased the Policy, its brokers questioned Arturo Alvarez, Executive Underwriter for Allianz, about the scope of the exclusion and Alvarez wrote on January 22, 2008 that "precipitators" were covered, but that "the oven box itself, refractory and foundation" were not. TCIMS submits that it relied on this representation to purchase the Policy, that the furnace exclusion in the Policy was unchanged from the language being discussed by Mr. Alvarez, and that the bell rod and charging system are not part of the oven box, refractory or foundation. (Compl. ¶¶ 55-57 & Ex. E.) It further alleges that, based upon descriptions provided by Allianz's own expert, the two-bell top charging system is a precipitator and/or means of conveying raw materials into the furnace, and thus it would not fall within the scope of the furnace exclusion. (Compl. ¶¶ 58-60 & Ex. F.)

Procedural History

Plaintiff filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania on July 22, 2014 and it was docketed at No. GD 14-011533. Count I seeks a declaratory judgment that Defendant owes coverage to Plaintiff for the losses it sustained as a result of the accident. Count II alleges that Defendant's refusal to provide coverage under the Policy constituted a breach of contract. Count III alleges that Defendant acted in bad faith in violation of 42 Pa. C.S. § 8371. Count IV alleges that Defendant negligently misrepresented the

3

scope of the Policy's coverage, and Count V alleges that it did so intentionally or fraudulently.

On September 12, 2014, Defendant filed a Notice of Removal with this Court based upon diversity of citizenship in that: TCIMS is a Delaware corporation with its principal place of business in Pennsylvania; Allianz is an Illinois corporation with its principal place of business in Illinois; and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. (Notice of Removal ¶¶ 6-8.)[2] On October 20, 2014, Defendant filed a motion to dismiss Counts IV and V (ECF No. 9), Plaintiff responded on November 7, 2014 (ECF No. 22) and Defendant filed a reply brief on November 17, 2014 (ECF No. 24).

Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are

---

[2] On October 7, 2014, Plaintiff filed a motion to remand (ECF No. 3). By Memorandum Order dated November 25, 2014 (ECF No. 28), the Court adopted a Report and Recommendation filed on November 3, 2014 (ECF No. 20) and denied this motion.

insufficient. Id. at 679. The Court of Appeals recently summarized the inquiry as follows:

> To determine the sufficiency of a complaint, a court must take three steps. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

"Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). "A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir. 2008) (quotation omitted). The various attachments to the Complaint, including the Policy (Ex. A) and Mr. Alvarez's email (Ex. E), may therefore be considered in reviewing the pending motion to dismiss.

Defendant argues that: 1) the Complaint fails to state a claim for negligent misrepresentation because Count IV contains mere threadbare recitals of the elements of this claim and, even accepting the alleged facts as true, they do not relate specifically to the issue at hand but are based on assumptions, nor has Plaintiff explained how it could have justifiably relied on a statement allegedly made in 2008, four and a half years prior to the effective date of the Policy at issue; and 2) the Complaint fails to state a claim for fraudulent/intentional

5

misrepresentation for the reasons cited above and also because it does not meet the heightened pleading standard for statements of fraud, nor does it make a factual showing of scienter.

Plaintiff responds that: 1) the statements upon which it relies related to the scope of the furnace exclusion, not merely how the bell rod or two-bell top charging system would be treated under the policy, and the furnace exclusion in the policy is identical in the language being discussed by Mr. Alvarez in 2008; and 2) the heightened pleading standard does not apply to its allegation about the scope of what Mr. Alvarez knew concerning his statements about the scope of the furnace exclusion, and Mr. Alvarez was Allianz' executive underwriter and thus TCIMS acted reasonably in relying upon his representations on behalf of Allianz.

In its reply brief, Defendant reiterates that Plaintiff's claims are based on assumptions and that it has not pleaded that Mr. Alvarez knew or did not know about the truth or falsity of his statements at the time they were made. Therefore, it argues that its motion should be granted and these claims dismissed.

Negligent Misrepresentation

As recently summarized by a district court:

> Pennsylvania has adopted the Restatement (Second) of Torts § 552 governing negligent misrepresentation. See Gibbs v. Ernst, 538 Pa. 193, 647 A.2d 882, 890 (1994) (discussing and adopting § 552). That section provides that liability exists for negligent misrepresentation where: (1) the defendant, in the course of his business or in a transaction in which he has a pecuniary interest, supplied false information with respect to that transaction or business; (2) the plaintiff justifiably relied on the false information in making a decision; and (3) the defendant was negligent in failing to exercise the reasonable care necessary in providing the information, that is, he either knew or should have known the truth or falsity of his representation. Pennsylvania courts have determined that a lack of privity is not necessarily fatal to a party's negligent misrepresentation claim where it is shown that the defendant knew or should have known that a non-client may rely on his representations. See Bilt–Rite Contractors v. Architectural Studio, 581 Pa. 454, 866 A.2d 270, 285 (2005) ("[T]here is no requirement of privity in order to recover under § 552.").

> Negligent misrepresentation can be distinguished from intentional misrepresentation in that, to find liability for the former, the defendant need not necessarily have known that his words, when spoken, were untrue; it is sufficient to find liability that the defendant "failed to make reasonable investigation of the truth of those words." Gibbs, 647 A.2d at 890. Importantly, "[a] negligent misrepresentation claim requires an actual misrepresentation as opposed to assumptions on the part of the recipient." Partners Coffee [Co., LLC v. Oceana Servs. & Prods. Co], 700 F. Supp. 2d at [720,] 734 [(W.D. Pa. 2010)] (citing Bortz v. Noon, 556 Pa. 489, 729 A.2d 555, 561 (1999)).

State College Area Sch. Dist. v. Royal Bank of Canada, 825 F. Supp. 2d 573, 584 (M.D. Pa. 2011) (some citations omitted).

Defendant argues that Count IV relies on two assumptions: 1) that the communications related to the two-bell charging system; and 2) that the two-bell charging system is a precipitator or conveyor. Defendant notes that, without these two assumptions, TCIMS has not pleaded any factual link between the 2008 communication and the two-bell charging system. In addition, it argues that TCIMS has failed to plead sufficient factual information to demonstrate justifiable and reasonable reliance because the Policy was in effect between October 30, 2012 and October 30, 2013, but the statements were made by Mr. Alvarez in January 2008.

Plaintiff responds that Defendant misconstrues its claim. It is not contending that Mr. Alvarez made statements with respect to the bell rod or two-bell top charging system specifically. Rather, it is alleging that Mr. Alvarez stated that the furnace exclusion applied only to the oven box, refractory and foundations, but not to conveyors or precipitators. (Compl ¶ 55.) Plaintiff then alleges that the bell rod and two-bell top charging system are not part of the oven box, refractory or foundations, and that the two-bell top charging system is a precipitator or conveyor. (Compl. ¶¶ 57, 59-60.) Plaintiff argues that, accepting as true its allegations about the two-bell top charging system and the bell rod, as appropriate when reviewing a motion to dismiss, it has adequately pleaded that, if the furnace exclusion applies, Allianz misrepresented

7

the scope of the coverage provided under its Policy. With respect to reasonable reliance, Plaintiff notes that the furnace exclusion—which is the policy provision at issue—was identical to the language being discussed by Mr. Alvarez in 2008 and therefore it justifiably relied on Mr. Alvarez's representations when it purchased the Policy at issue in 2012.

Plaintiff has met its burden of alleging the elements of negligent misrepresentation. Based upon Mr. Alvarez's statements regarding the scope of the furnace exclusion and based on Plaintiff's understanding of the two-bell charging system, it has alleged that Defendant made statements concerning the scope of the exclusion that could apply to the charging system. Moreover, because the furnace exclusion in the 2012 policy was identical to the language being discussed by Mr. Alvarez in the 2008, TCIMS could reasonably rely on statements made Mr. Alvarez prior to its purchase of the Policy.[3] Therefore, with respect to Count IV, the motion to dismiss should be denied.

Fraudulent/Intentional Misrepresentation

Under Pennsylvania law:

> intentional misrepresentation or fraud … contains the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

Gibbs, 647 A.2d at 890 (footnote omitted). Defendant argues that the claim requires application of Federal Rule of Civil Procedure 9(b), which states that: "In alleging fraud or mistake, a party

---

[3] Plaintiff does not allege that it purchased policies from Allianz prior to 2012, but Defendant's argument that the "policy" referred to in Mr. Alvarez's statement is not the policy at issue here suggests that the 2012 Policy may have been a renewal of a policy purchased closer in time to Mr. Alvarez's statement in 2008. In any event, Plaintiff's averment that the furnace exclusion in the Policy was identical to the one being discussed by Mr. Alvarez must be taken as true at this stage of the proceedings.

8

must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Defendant further argues that Plaintiff has not alleged that Mr. Alvarez knew the statements he made were false at the time and thus the claim lacks the element of scienter.

The Court of Appeals has stated that:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of America, 361 F.3d 217, 223-224 (3d Cir. 2004). To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation. See id. at 224.

Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Plaintiff responds that its allegations go to Mr. Alvarez's "knowledge," not "fraud" or "mistake" and thus they may be alleged generally. In addition, it contend that it has placed Defendant on notice of the precise misconduct with which it is being charged: Mr. Alvarez stated in a January 22, 2008 email that the furnace exclusion only applied to the oven box, refractory and foundations but that conveyors and precipitators would be covered under the Policy; despite the fact that the bell rod and two-bell top charging system are not part of the oven box, refractory or foundations and the fact that the two-bell charging system is a conveyor or precipitator, Allianz denied TCIMS's request for coverage on the ground that the claim was barred by the furnace exclusion. Finally, it argues that Rule 9(b) is relaxed as to matters that are exclusively within the defendant's knowledge and the plaintiff is not likely to have access to more specific information until after discovery has taken place. North American Comm'ns, Inc. v. InfoPrint Solutions Co., LLC, 817 F. Supp. 2d 642, 650 (W.D. Pa. 2011).

Plaintiff has met its burden of placing Defendant on notice of the misconduct with which it is being charged: it has alleged the date, time and place of the alleged misrepresentation. Thus,

even if the allegations of the statements by Mr. Alvarez are required to meet the heightened pleading standard of Rule 9(b), they have met this burden. In addition, whether Mr. Alvarez knew his statements to be false at the time they were made is not a matter to which Plaintiff could have access until discovery is conducted. For this reason, the motion to dismiss Count V should be denied.

For these reasons, it is recommended that the motion to dismiss Counts IV and V (ECF No. 9), filed by the Defendant, be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by December 15, 2014. Any party opposing the objections shall file a response by December 29, 2014. Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: December 1, 2014